UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| PHAZR, INC., | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-01188-X |
| | § | |
| SUDHIR RAMAKRISHNA, BALA BALASEKAR, AN TUYEN BANH, and MAVENIR SYSTEMS, INC. | § § § | |
| | § | |
| *Defendants*. | § | |

# **MEMORANDUM OPINION AND ORDER**

In this action for trade secret misappropriation and related claims, defendants Sudhir Ramakrishna and Mavenir Systems, Inc. move to dismiss, and defendants Bala Balasekar and An Tuyen Banh move to dismiss, plaintiff Phazr, Inc.'s amended complaint for failure to state a claim on which relief can be granted (collectively, "motions to dismiss") [Docs. No. 22, 41]. After careful consideration, the Court concludes that Phazr fails to state a claim under the Defend Trade Secrets Act (hereinafter "Trade Secrets Act").[1] In a case that is before this Court under federal question jurisdiction, Phazr's Trade Secrets Act claim is the only federal cause of action. Because the Court dismisses this sole federal claim, the Court may decline to exercise jurisdiction over the remaining state-law claims.[2] As a result, the Court

---

[1] Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836–1839 (2012).

[2] The Court is aware of Phazr's state-law claims for trade secret misappropriation, breach of covenant not to compete, breach of non-solicitation covenant, and tortious interference with existing contract. The Court has supplemental jurisdiction over these state-law claims because Phazr presents a federal question. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that

1

dismisses the amended complaint. But the Court dismisses the amended complaint without prejudice, granting Phazr leave to replead in this Court if it so chooses.

I.

Let's begin with a brief factual and procedural history of this case. According to Phazr's amended complaint [Doc. No. 15], it is a producer and provider of millimeter wave (mmwave), virtualized Radio Access Network (vRAN), and Radio Frequency (RF) products and technology for the wireless communications industry.[3] Phazr is incorporated in Delaware, licensed to do business in Texas, and maintains its primary business address in Texas.[4] Founded in 2016, Phazr markets its products and technologies for use in the construction and operation of fifth generation (5G) wireless communication networks.[5]

Enter the individuals and company who are now the defendants. Phazr hired Ramakrishna, Balasekar, and Banh (collectively, "individual defendants") on or about July 12, 2016, June 23, 2017, and October 30, 2017, respectively.[6] At the

---

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). But the Court may decline to exercise its supplemental jurisdiction over state-law claims if it dismisses the federal claim that gives the Court original jurisdiction. *See id.* § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim" it has due to supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]"). "When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims." *Cooper v. Dart Area Rapid Transit*, No. 3:14-CV-3832-B-BH, 2015 WL 9703716 at *3 (N.D. Tex. Dec. 18, 2015) (Ramirez, M.J.), *adopted by Cooper v. Dart Area Rapid Transit*, No. 3:14-CV-3832-B, 2016 WL 160986 (Boyle, J.) (N.D. Tex. Jan. 14, 2016). For these reasons, the Court considers it premature to comment on or decide any of Phazr's state-law claims.

[3] *Amended Complaint* [Doc. No. 15] ¶ 10.

[4] *Id.* ¶ 1.

[5] *Id.* ¶ 11.

[6] *Id.* ¶¶ 20–22.

2

commencement of each of their employments with Phazr, the individual defendants signed confidentiality and non-solicitation agreements.[7]  In about January 2019, September 2018, and May 2019, respectively, Ramakrishna, Balasekar, and Banh left Phazr.[8]  Soon after leaving, they became employees of Mavenir.[9]  According to Phazr, Phazr directly competes for contracts and customers with Mavenir, which also creates products for use in the development of 5G wireless networks.[10]  Phazr alleges Mavenir lacked the capacity to develop or produce these competing mmwave, vRAN, and RF technologies before it hired the individual defendants.[11]

This case had a prequel, which concluded quickly.[12]  On March 5, 2019, John Mezzalingua Associates, Inc. (JMA), which purchased Phazr in about December 2018, sued Ramakrishna and Mavenir in the United States District Court for the Eastern District of Texas.[13]  On April 22, 2019, JMA voluntarily dismissed that case.

Then this litigation began.  On May 17, 2019, Phazr (which operates as a subsidiary of JMA) filed this case in Texas state court against Ramakrishna and Mavenir.  That same day, Ramakrishna and Mavenir removed the case to this Court under 28 U.S.C. § 1441(a), alleging federal question jurisdiction under

---

[7] *Id.*

[8] *Id.* ¶¶ 27, 32, 35.

[9] *Id.* ¶¶ 28, 33, 36.

[10] *Id.* ¶¶ 14–19.

[11] *Id.* ¶¶ 37, 39.

[12] Prequels are occasionally entertaining but rarely as good as the original.  *C.f. Solo: A Star Wars Story*, Lucasfilm Ltd. (2018).

[13] *John Mezzalingua Assocs., as successor in interest to Phazr, Inc. v. Ramakrishna et al.*, No. 4:19-cv-00154 (E.D. Tex. Mar. 5, 2019).

3

28 U.S.C. § 1331. Defendants predicated removal on Phazr's Trade Secrets Act claim. On July 22, 2019, this Court granted Phazr leave to amend its complaint to add Balasekar and Banh as defendants. In addition to its state-law claims, Phazr again alleged under federal law that the individual defendants "misappropriated and used or disclosed," and that Mavenir "misappropriated," Phazr's trade secrets and proprietary information.[14] In response, the defendants moved to dismiss Phazr's claims under Federal Rule of Civil Procedure 12(b)(6). Both motions allege that Phazr has failed to state a claim upon which relief can be granted and are ripe for this Court's decision.

II.

With these facts and this procedural posture, the Court considers the motions to dismiss.

A.

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[15] To survive a motion to dismiss, Phazr must allege enough facts "to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[14] *Amended Complaint* ¶¶ 56–59.

[15] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4

alleged."[17] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[18] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[19]

B.

Under the Rule 8 standard, as clarified by *Iqbal* and *Twombly*, Phazr has failed to plausibly plead a Trade Secrets Act claim.

i.

The law is clear on what plaintiffs must establish to successfully argue a federal Trade Secrets Act claim. The Trade Secrets Act permits an "owner of a trade secret that is misappropriated" to "bring a civil action under this subsection if the trade secret is related to a product of service used in, or intended for use in, interstate or foreign commerce."[20] So, to make a Trade Secrets Act claim, "a plaintiff must allege: (1) a trade secret; (2) misappropriation; and (3) use in interstate commerce."[21] If a plaintiff proves such a claim, a court may grant an injunction and award damages.[22]

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[18] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[19] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)).

[20] 18 U.S.C. § 1836(b)(1).

[21] *Marek Bro. Sys., Inc. v. Enriquez*, No. 3:19-CV-01082, 2019 WL 3322162 at *3 (N.D. Tex. July 24, 2019) (citing 18 U.S.C. § 1836).

[22] 18 U.S.C. § 1836(b)(3).

Phazr's federal Trade Secrets Act claim alleges that the individual defendants "misappropriated and used or disclosed," and that Mavenir "misappropriated," Phazr's trade secrets and proprietary information.[23] It also argues that Mavenir "knew or had reason to know" that the individual defendants "acquired Plaintiff's trade secrets and proprietary information through their employment with Plaintiff and that such knowledge was obtained under circumstances giving rise to a duty for Ramakrishna, Balasekar and Banh to maintain the secrecy of such trade secrets and proprietary information."[24]

The motions to dismiss dispute the element of misappropriation. The defendants seek to dismiss the Trade Secrets Act claim because Phazr "fails to plead facts sufficient to allege actual or threatened misappropriation of Phazr's trade secrets."[25] Under the Trade Secrets Act, misappropriation includes:

> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (B) disclosure or use of a trade secret of another without express or implied consent by a person who—
>
>> (i) used improper means to acquire knowledge of the trade secret;
>>
>> (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was—

---

[23] *Amended Complaint* ¶¶ 56–59.

[24] *Id.* ¶ 60.

[25] *Motions to Dismiss* [Docs. No. 22, 41], at 3.

6

> > (I) derived from or through a person who had used improper means to acquire the trade secret;
> >
> > (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
> >
> > (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
>
> iii. before a material change of the position of the person, knew or had reason to know that—
>
> > (I) the trade secret was a trade secret; and
> >
> > (II) knowledge of the trade secret had been acquired by accident or mistake.[26]

This statutory definition of misappropriation is comprehensive, but its essence is quite simple. To allege misappropriation of a trade secret, the plaintiff must make a threshold showing of the actual acquisition, disclosure, or use of that trade secret.

Phazr has not adequately alleged the defendants' misappropriation of its trade secrets.[27] In its amended complaint, Phazr has not shown that the individual defendants have either disclosed or used one of Phazr's trade secrets in their employment at Mavenir. Phazr has also failed to show that Mavenir has acquired or used one of Phazr's trade secrets after employing the individual defendants. Instead,

---

[26] 18 U.S.C. § 1839(5).

[27] To consider the motions to dismiss on the Trade Secrets Act claim on the issue of misappropriation, the Court will assume as true Phazr's claims regarding: (1) the existence of its trade secrets; and (2) that they are used in, or intended for use in, interstate commerce.

7

Phazr merely recites the elements of a Trade Secrets Act claim as its allegations. This is not enough to satisfy the pleading standard under *Iqbal* and *Twombly*. Phazr also speculates that the individual defendants *could* misappropriate its trade secrets or that Mavenir must have acquired Phazr's trade secrets "simply by employing" the individual defendants.[28] These claims lack alleged facts that make recovery more than speculative. The Court addresses each of Phazr's insufficient approaches in turn.

ii.

First, Phazr offers conclusory allegations by merely reciting the elements of a Trade Secrets Act claim. Phazr generally alleges that the individual defendants "misappropriated and used or disclosed," and that Mavenir "misappropriated," its trade secrets.[29] Without more facts, Phazr only offers legal conclusions. This "formulaic recitation of the elements of a cause of action will not do."[30]

Second, Phazr's only factual allegations speculate about possible misappropriation instead of alleging actual misappropriation. At best, Phazr alleges that the individual defendants "misappropriated Plaintiff's trade secrets by taking trade secrets learned during [their] employment and stored on a password-protected shared database," but it fails to identify what trade secrets the individual defendants took from the database.[31] And it surmises that the individual defendants have used

---

[28] *Response to the Motions to Dismiss* [Doc. No. 46], at 19.
[29] *Amended Complaint* ¶¶ 56–59.
[30] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
[31] *Id.* ¶¶ 44–46.

8

"*or will potentially* use" its trade secrets during their employment with Mavenir.[32] It postulates that it is "*highly probable* that they have disclosed *or will disclose*" Phazr's trade secrets.[33] Even if Phazr had identified the trade secrets the individual defendants took from its database (which it did not), it still fails to adequately allege that the individual defendants ever disclosed the trade secrets to Mavenir or used them at Mavenir. Indeed, Phazr has failed to show that Mavenir ever acquired the trade secrets from the individual defendants. In short, Phazr at best pleads possibility rather than plausibility.[34]

In addition to its general speculation, Phazr's complaint also infers that because Mavenir hired the individual defendants, then it must have acquired Phazr's trade secrets. Phazr argues in its response to the motions to dismiss that Mavenir misappropriated Phazr's trade secrets "simply by employing" the individual defendants.[35] According to Phazr, by its mere employment of the individual defendants, Mavenir *must* have acquired and used Phazr's trade secrets. But adopting Phazr's view would invite a federal lawsuit and injunction any time an

---

[32] *Amended Complaint* ¶¶ 44–46 (emphasis added).

[33] *Id.* ¶ 47 (emphasis added).

[34] While Texas law allows lawsuits and injunctions for actual and threatened misappropriation, the federal Trade Secrets Act only allows such recovery for actual misappropriation. *Compare* TEX. CIV. PRAC. & REM. CODE § 134A.003(a) ("Actual *or threatened misappropriation* may be enjoined if the order does not prohibit a person from using general knowledge, skill, and experience that person acquired during employment." (emphasis added)) *with* 18 U.S.C. § 1836(b)(1) ("An owner of a *trade secret that is misappropriated* may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." (emphasis added)).

[35] *Response to the Motions to Dismiss*, at 19.

9

employee leaves the employment of a company that has trade secrets. The law does not support any such expansive theory.

Third and finally, Phazr made an additional allegation as to Mavenir: that Mavenir lacked the capacity to develop or produce competing mmwave, vRAN, and RF technologies before it hired the individual defendants.[36] Assuming this fact to be true, it at best only reveals potential correlation, which is not actionable.[37] It does not reveal actual causation—Phazr still fails to plead facts that demonstrate Mavenir gained the capacity to develop or produce competing 5G technologies and products *because* it hired the individual defendants who misappropriated Phazr's trade secrets.

To defeat a motion to dismiss, a plaintiff must do more than recite the Trade Secrets Act's elements and speculate of possible future misappropriation. In some cases, plaintiffs have survived motions to dismiss by identifying specific trade secrets that defendants used to assist competitors in stealing clients.[38] In other cases, plaintiffs have alleged more specifically that individuals emailed themselves confidential data when preparing to leave a company and that, when they joined a competitor, the corporate defendant acquired that data and used it to bid against the plaintiff company.[39] In contrast, Phazr fails to allege particular acts of acquisition,

---

[36] *Amended Complaint* ¶¶ 37, 39.

[37] For example, since this particular judge took office, some individuals in Dallas have died. That does not mean this Court killed them.

[38] *See, e.g., BRG Ins. Sols., LLC v. O'Connell*, No. 3:16-CV-2448, 2017 WL 7513649, at *8 (N.D. Tex. 2017) (denying a motion to dismiss on a Trade Secrets Act claim while citing to the complaint, which alleged that the individual defendants actually used the plaintiff's resources "to assist competitors" and disclosed confidential information "for use in stealing clients").

[39] *See, e.g., Clean Energy v. Trillium Transp. Fuels, LLC*, No. CV H-19-244, 2019 WL 1522521,

10

disclosure, or use of its trade secrets that would constitute actual—and not merely possible—misappropriation. This is not enough.[40] Without more, Phazr's conclusory allegations do not constitute plausible claims; they are mere "'naked assertion[s]' devoid of 'further factual enhancement.'"[41] And Phazr's speculations "do not permit the court to infer more than the mere possibility of misconduct."[42]

Phazr has failed to adequately allege the defendants' misappropriation of its trade secrets and therefore failed to state a federal Trade Secrets Act claim upon which relief may be granted. And so the Court grants the motions to dismiss on the Trade Secrets Act claim. Phazr may well have an excellent federal trade secret misappropriation case, but that case—as it is currently pled—is not before the Court today.

III.

Although the Court dismisses Phazr's complaint, it also grants Phazr leave to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend

---

at *3 (S.D. Tex. Mar. 22, 2019) (denying a motion to dismiss on a Trade Secrets Act claim while citing to the complaint, which alleged that the individual defendant specifically "accessed and emailed himself" protected documents and that the corporate defendant actually used the trade secrets to "solicit business" from the plaintiff's customers).

[40] *See, e.g., Red Ball Tech. Gas Servs., LLC v. Precise Standards & Sols., Inc.*, No. 4:17-CV-2090, 2018 WL 276467, at *4–5 (granting in part a motion to dismiss because the complaint lacked "any factual content showing that [a defendant] took specific information or took part in specific uses of information" while denying in part the motion to dismiss because the allegations against other defendants had "the specificity and plausibility that federal law requires").

[41] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[42] *Id.* at 679.

11

in a manner that will avoid dismissal."[43] Plaintiffs are sometimes able to state plausible claims for relief when amending after a motion to dismiss has been granted.[44] Accordingly, the Court grants Phazr 28 days from the date of this memorandum opinion and order to file an amended complaint with a repleaded federal claim. Alternatively, Phazr may proceed only with its state-law claims in state court.

Because the Court declines to exercise supplemental jurisdiction over Phazr's remaining state-law claims and dismisses its amended complaint without prejudice, the Court also dismisses as moot Phazr's pending *Motion for Injunction and Request for Hearing* [Doc. No. 26] and *Motion for Limited Expedited Discovery and to Preserve Evidence* [Doc. No. 28]. If Phazr chooses to replead its federal claim in an amended complaint, it may file additional motions for the Court to consider them at the appropriate time. In the meantime, because "the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed," without prejudice.[45]

**IT IS SO ORDERED** this 28th day of October 2019.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[43] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[44] *See, e.g.*, *Reneker v. Offill*, No. 3:08-CV-1394-D, 2010 WL 1541350, at *2, *7 (N.D. Tex. Apr. 19, 2010) (concluding, after twice granting motions to dismiss, that plaintiff's second amended complaint stated claim on which relief could be granted).

[45] *Twombly*, 550 U.S. at 570.