UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHAZR, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-01188-X |
| | § | |
| SUDHIR RAMAKRISHNA, BALA | § | |
| BALASEKAR, AN TUYEN BANH, | § | |
| PRAVIR PATEL, and MAVENIR | § | |
| SYSTEMS, INC. | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

In the paraphrased words of Leslie Knope, the Court gave plaintiff Phazr, Inc. one chance to make a third impression.[1]  Defendants Mavenir Systems, Inc., Sudhir Ramakrishna, Pravir Patel, Bala Balasekar, and An Tuyen Banh then moved to dismiss Phazr's Second Amended Complaint for failure to state a claim on which relief can be granted [Doc. No. 58].  After careful consideration, the Court concludes that Phazr has failed again to state a claim under the Defend Trade Secrets Act.[2]  The Court also finds that it would be futile for Phazr to attempt a fourth impression. Accordingly, the Court **GRANTS IN PART** the defendants' motion to dismiss and **DISMISSES WITH PREJUDICE** Phazr's federal Trade Secrets Act claim.

---

[1] *See* Leslie Knope, Parks and Recreation (2011) ("You only get one chance to make a second impression.").

[2] Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 1836–1839 (2012).

1

In a case that is before this Court under federal question jurisdiction, Phazr's federal Trade Secrets Act claim is the only federal cause of action.  If Phazr fails to state a federal claim, the Court may decline to exercise jurisdiction over the remaining state-law claims.[3]   The Court does so here.   Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Phazr's remaining state-law claims.[4] Because the Court dismisses with prejudice Phazr's federal claim and declines to exercise supplemental jurisdiction over its state-law claims, the Court **DIRECTS** the Clerk to close this case.  By separate order, the Court will issue its final judgment.

## I.

The factual and procedural history of this case can be summed up briefly. Phazr is a producer and provider of millimeter wave (mmwave), virtualized Radio

---

[3] The Court is aware of Phazr's state-law claims for trade secret misappropriation, breach of covenant not to compete, breach of non-solicitation covenant, and tortious interference with existing contract.  The Court has supplemental jurisdiction over these state-law claims because Phazr presents a federal question.  *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  But the Court may decline to exercise its supplemental jurisdiction over state-law claims if it dismisses the federal claim that gives the Court original jurisdiction.  *See id.* § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim" it has due to supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction[.]").  "When all federal claims are dismissed prior to trial, the general rule in this Circuit is for the district court to decline exercising jurisdiction over the remaining state law claims."   *Cooper v. Dart Area Rapid Transit*, 2015 WL 9703716, at *3 (N.D. Tex. Dec. 18, 2015) (Ramirez, M.J.), *adopted by Cooper v. Dart Area Rapid Transit*, 2016 WL 160986 (Boyle, J.) (N.D. Tex. Jan. 14, 2016).  For these reasons, the Court considers it unnecessary to decide any of Phazr's state-law claims.

[4] The Court dismisses the state-law claims without prejudice because it is not reaching their merits.  *See Artis v. D.C.*, 138 S. Ct. 594, 599 (2018) ("If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court.  If the state court would hold the claim time barred, however, then, absent a curative provision, the district court's dismissal of the state-law claim without prejudice would be tantamount to a dismissal with prejudice.").

Access Network (vRAN), and Radio Frequency (RF) products and technology for the wireless communications industry.   Founded in 2016, Phazr is incorporated in Delaware, licensed to do business in Texas, and maintains its primary business address in Texas.   Phazr markets its products and technologies for use in the construction and operation of fifth generation (5G) wireless communication networks.

Enter the individuals and company who are now the defendants.  Phazr hired Ramakrishna, Balasekar, Banh, and Patel (collectively, "individual defendants") in July 2016, June 2017, October 2017, and July 2016, respectively.   At the commencement of each of their employments with Phazr, the individual defendants signed confidentiality, non-compete, and non-solicitation agreements.  In or about September 2018, January 2019, April 2019, and April 2019, respectively, Balasekar, Ramakrishna, Banh, and Patel left Phazr.  Soon after leaving, they became employees of Mavenir.  Phazr alleges that they directly compete with Mavenir for contracts and customers, a company which is also active in the 5G wireless network market. Phazr alleges Mavenir lacked the capacity to develop or produce competing mmwave, vRAN, and RF technology products before hiring the individual defendants.

On May 17, 2019, Phazr filed this case in Texas state court against Ramakrishna and Mavenir.  That same day, Ramakrishna and Mavenir removed the case to this Court under 28 U.S.C. § 1441(a), alleging federal question jurisdiction under 28 U.S.C. § 1331.   Defendants predicated removal on Phazr's federal Trade Secrets Act claim.  On July 22, 2019, this Court granted Phazr leave to amend its complaint to add Balasekar and Banh as defendants.  In addition to its state-law

3

claims, Phazr again alleged under federal law that the individual defendants "misappropriated and used or disclosed," and that Mavenir "misappropriated," Phazr's trade secrets and proprietary information.[5]  In response, the defendants moved to dismiss Phazr's claims under Federal Rule of Civil Procedure 12(b)(6).  After carefully reviewing those motions, this Court concluded that plaintiff Phazr had failed to state a federal claim, dismissed the amended complaint without prejudice, and allowed Phazr 28 days to replead.

Phazr filed its Second Amended Complaint, which is before the Court. The Second Amended Complaint incorporates more detail about the work the individual defendants were involved in while employed by Phazr, contains a longer discussion of Phazr's and Mavenir products, and added a new individual defendant (Patel).  The defendants moved to dismiss the Second Amendment Complaint, arguing that even with the addition of this new information, Phazr has still failed to state a claim for which relief can be granted.  That motion to dismiss is now ripe for this Court's decision.

## II.

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[6]  To survive a motion to dismiss, Phazr must allege enough

---

[5] Amended Complaint ¶¶ 56–59 [Doc. No. 15].

[6] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks removed).

4

facts "to state a claim to relief that is plausible on its face."[7]   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[10]

## III.

Under the Rule 8 standard, Phazr has again failed to plausibly plead a federal Trade Secrets Act claim.

## A.

The law is clear on what plaintiffs must establish to successfully argue a federal Trade Secrets Act (Federal Act) claim.  The Federal Act permits an "owner of a trade secret that is misappropriated" to "bring a civil action under this subsection if the trade secret is related to a product of service used in, or intended for use in, interstate or foreign commerce."[11]   So, to make a federal claim, "a plaintiff must

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.  See Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[10] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[11] 18 U.S.C. § 1836(b)(1).

allege: (1) a trade secret; (2) misappropriation; and (3) use in interstate commerce."[12] If a plaintiff proves such a claim, a court may grant an injunction and award damages.[13] To successfully allege this federal claim, a plaintiff must meet the federal plausibility pleading standard.

Before applying the law to this case's facts, a brief background on federal and Texas trade secret protection laws is helpful. "In 2013, in an effort to bring Texas law in line with the overwhelming majority of the United States and provide a simple legislative framework for litigating trade secret issues in Texas, the Texas Legislature enacted a modified version of the Uniform Trade Secrets Act."[14] The enrolled bill—the Texas Uniform Trade Secrets Act (known as the TUTSA, but referred to here as the Texas Act)—became effective on September 1, 2013.[15] The Texas Act displaced both common-law misappropriation-of-trade-secret and the old Texas law theft-of-trade-secret claims.[16] The United States Congress then enacted the Federal Act in 2016. Both the Texas Act and the Federal Act are based on the Uniform Trade Secrets Act promulgated by the National Conference of Commissioners on Uniform Laws in 1985 and adopted by 47 states.[17] A substantial number of provisions in the two statutes—including the definition of "trade secret"—

---

[12] *Marek Bro. Sys., Inc. v. Enriquez*, 2019 WL 3322162, at *3 (N.D. Tex. July 24, 2019).

[13] 18 U.S.C. § 1836(b)(3).

[14] *See StoneCoat of Tex., L.L.C v. ProCal Stone Design*, L.L.C, 426 F. Supp. 3d 311, 332 (E.D. Tex. 2019) (internal quotations and citations omitted).

[15] *See id.*

[16] *See id.*

[17] *See id.* at 332–33.

are "either identical or very similar in many respects."[18]  That said, there are a "handful of differences."[19]  For example, the Texas Act preempts common-law tort claims but the Federal Act does not.[20]

For this case's purposes, the most salient difference between the two acts comes not from their texts but from the difference between federal and Texas pleading standards.  Federal law follows a "plausibility" standard of pleading, which requires that a complaint "state a claim to relief that is plausible on its face."[21]  Texas law, on the other hand, follows a "fair notice" standard—a lower standard than plausibility—for pleading.[22]  Therefore, while federal courts applying Texas law have discussed the similarity (or even uniformity) of terms like "trade secret," or requirements for an act to constitute "misappropriation," such similar elements and overlapping definitions are irrelevant if they are not pleaded properly under the appropriate standard.

## B.

In general, Phazr's federal claim fails because of its insufficient pleading.  Phazr rightly argues that the federal pleading standard does not require specific evidence, and that the plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief.  But Phazr wrongly mistakes the power of pleading upon information and belief with the cant invocation of "upon information

---

[18] *Id.* at 333.

[19] *Id.*

[20] *Id.*

[21] *Twombly*, 550 U.S. at 570.

[22] *Waller v. Waller*, 2020 WL 3026342, at *2 (Tex. App.—Tyler June 5, 2020) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).

and belief."  Merely invoking that phrase repeatedly in the pleadings, as if it were a magic talisman, does not enable it to avoid dismissal.  To support its argument that the phrase charges the judicial phaser to stun efforts to dismiss, Phazr cites the Fifth Circuit to claim that "the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, . . . pleadings may be based on information and belief."[23] But the following sentence of the Fifth Circuit's opinion cautions that "this luxury must not be mistaken for license to base claims . . . on speculation and conclusory allegations."[24]  And basing claims on speculation and conclusory allegations is exactly what Phazr has done.  As this Court said in its order dismissing Phazr's First Amended Complaint: "Without more, Phazr's conclusory allegations do not constitute plausible claims; they are mere 'naked assertion[s]' devoid of 'further factual enhancement.'  And Phazr's speculations 'do not permit the court to infer more than the mere possibility of misconduct.'"[25]  The Court's assessment—now regarding the Second Amended Complaint—remains unchanged.  Therefore, the outcome of a motion to dismiss must be the same as well.

Phazr conflates claim elements and pleading standards.  This can be seen by examining sentence-by-sentence its argument (in its response to the motion to dismiss) that it meets the threshold requirement to plead misappropriation of trade secrets, despite a lack of specific allegations.  Phazr first notes the requirements for

---

[23] *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th Cir. 2008).

[24] *Id.*

[25] First Dismissal Order, at 11 [Doc. No. 50] (citations omitted).

8

a federal claim: a plaintiff must allege a trade secret, misappropriation, and use in interstate commerce.   Phazr then gives the Federal Act's definitions for misappropriation and improper means.   And then Phazr quotes the Court's first dismissal order's summary of the pleading standard: "the plaintiff must make a threshold showing of the actual acquisition, disclosure, or use of that trade secret."[26]

This is all well and good.  But then Phazr slightly detours, saying that a federal court in another district has stated the "pleading standard for [Federal Act] claims as 'trade secret misappropriation under Texas law is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff."[27]  This is a curious characterization of what the Eastern District of Texas said, because neither did the parties in that case litigate a claim under the Federal Act nor did that court say that the Texas Act elements are the "pleading standard"[28] for a claim under the Federal Act.  Phazr then cites another Eastern District of Texas case that essentially equates the misappropriation element for a claim under both the Texas Act and Federal Act.  This reveals that Phazr is comparing the Federal Act and Texas Act's claim elements and not the federal and Texas pleading standards.

---

[26] Phazr's Response to Motion to Dismiss (Response), at 8–9 (quoting First Dismissal Order, at 7) [Doc. No. 59].

[27] *Id.* at 9 (quoting *AHS Staffing, LLC v. Quest Staffing Grp., Inc.*, 335 F.Supp.3d 856, 862 (E.D. Tex. 2018)).

[28] *Id.*

But what Phazr's line of argument actually reveals is that Phazr is simply missing the point. The Court does not maintain that Plazr has failed to plead the proper elements of a claim under the Federal Act. The Court maintains that Phazr has failed to plead the proper elements well enough. It is irrelevant that "misappropriation" and "improper means" have the same meaning under both the Texas Act and Federal Act. Even if the terms have the same meaning, pleading facts to sufficiently satisfy that meaning involves a higher standard in federal court. Phazr's statements that the defendants performed numerous confidential tests for Phazr and were bound to keep those tests confidential, and allegations that Mavenir's software was developed using Phazr's confidential knowledge misappropriated by the individual defendants, do not meet the federal pleading standard to establish a federal claim.

Here's why. Phazr fails to connect its multiple insufficient claims to raise a single, sufficient claim. Phazr does not allege how defendants' knowledge was incorporated in Mavenir's 5G products, or how the defendants otherwise actually used Phazr's trade secrets. Likewise, Phazr's assertion that it has expressly pleaded that each individual defendant developed proprietary information which Mavenir then used to develop its competing product misses the mark, because Phazr fails to explain how Mavinir or an individual defendant used that information. Without that vital *how*, Phazr cannot elevate its pleading from the conclusory to the plausible. The Court may not infer what Phazr did not plead.

Phazr not only confuses claim elements and pleading standards, but it also conflates tests that courts use to evaluate the pleading sufficiency of trade-secrets claims. Phazr primarily relies on four cases to demonstrate that it has a federal claim. All four cases feature federal courts evaluating Texas Act—not Federal Act—claims. And all four cases are far different than this one.

Phazr cites the Fifth Circuit's *GlobeRanger Corp. v. Software AG USA*[29] to claim that, to plead a federal claim, it's enough to assert that its former employees are allegedly misappropriating its trade secrets "in the research and development of a new project."[30] Phazr correctly says the case "involved a claim that a competing company . . . used trade secret information misappropriated . . . to develop a new, software product that competed" with the plaintiff's product.[31] But Phazr misreads *GlobeRanger*, which involved specific claims involving misappropriation of confidential information under the pretense of maintenance.[32] The Court recognizes that Phazr is at the motion-to-dismiss stage, and not the summary-judgment or trial stage. Phazr is not required to prove its allegations with evidence, but it must make plausible (not conclusory) allegations. Unlike the *GlobeRanger* plaintiffs, however,

---

[29] 836 F.3d 477 (5th Cir. 2016).

[30] Response, at 10.

[31] *Id.* (citing *GlobeRanger*, 836 F.3d at 482).

[32] *See GlobeRanger*, 836 F.3d at 499 ("GlobeRanger's evidence is sufficient to show that Software AG used the Navy Solution in developing its own product . . . . Software AG accessed implementations of the Navy Solution; received confidential system keys under the pretense of maintenance; acknowledged trying to replicate GlobeRanger's functionality; and obtained confidential source code from a former GlobeRanger employee in order to figure out how the technology worked, all while it was in the process of making its own product to perform similar functions.").

Phazr has not pleaded any specific allegations of misappropriation. Indeed, *GlobeRanger* is an excellent example of why Phazr's claims fail, because the *GlobeRanger* plaintiffs pled the vital specific *how*.  And Phazr has not.

Phazr then relies on the Fifth Circuit's *GE Betz, Inc. v. Moffitt-Johnston*[33] to claim that its pleading is sufficient because "proof of trade secret misappropriation often depends on circumstantial evidence."[34]  That is well and good.  But what Phazr ignores is that regardless of what type of proof is required for the claim, the claim itself depends on whether "the trade secret is *actually used*."[35]  This criterion has even more force as the Court evaluates Phazr's federal claim, because while the Texas Act allows lawsuits and injunctions for actual and threatened misappropriation the Federal Act only allows such recovery for actual misappropriation.[36]  Unlike the plaintiff in *GE Betz*, Phazr has not pled any facts of how or when the defendants actually used Phazr's trade secrets.

Finally, Phazr cites to two cases—*SPBS, Inc. v. Mobley*[37] and *Spear Manufacturing, Inc. v. BancorpSouth Bank*[38]—illustrating the access-plus-similarity

---

[33] 885 F.3d 318 (5th Cir. 2018).

[34] Response, at 11 (quoting *GE Betz*, 885 F.3d at 326).

[35] *Id.* (emphasis in original).

[36] *Compare* TEX. CIV. PRAC. & REM. CODE § 134A.003(a) ("Actual *or threatened misappropriation* may be enjoined if the order does not prohibit a person from using general knowledge, skill, and experience that person acquired during employment." (emphasis added)) *with* 18 U.S.C. § 1836(b)(1) ("An owner of a *trade secret that is misappropriated* may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." (emphasis added)).

[37] 2018 WL 4185522 (E.D. Tex. 2018).

[38] 791 F.3d 586 (5th Cir. 2015).

12

test.  Under this test, "the defendant's knowledge of the trade secret together with substantial similarities between the parties' products or processes may justify an inference of use by the defendant."[39]  But the Fifth Circuit cautioned that this test has a limiting principle: the plaintiff must show actual similarity between two products.[40]  The test is not satisfied merely because two products perform the same general function or occupy the same commercial niche.[41]  After all, a Ford Pinto and a McLaren 620R perform the same general function of moving a person from one place to another.  More is needed for such a comparison to survive a motion to dismiss in federal court, and actual similarity must exist between the two products.  Beyond general function and commercial niche, Phazr has not demonstrated any actual similarities between its products and Mavenir's products.  It has not alleged how Mavenir's products have incorporated Phazr's trade secrets.  Therefore, even under the access-plus-similarity test, Phazr's allegations do not rise to the level of plausibility.

---

[39] *SPBS*, 2018 WL 4185522, at *7 (quoting *Spea Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d at 601).

[40] *Spear Marketing*, 791 F.3d at 601–02 (adding that a plaintiff cannot rest "its entire argument for similarity on the coincidence of timing and on the fact that [the defendant's products] perform the same general function").

[41] *See id.* at 602 ("The element of 'substantial similarity' would be rendered toothless, however, if it could be satisfied by the mere fact that two products occupy the same commercial niche.  Such an overly generous application of the test would allow an inference of use in virtually every trade secret misappropriation claim in which there is evidence of disclosure.  This cannot be the result intended by the Restatement.").

13

III.

Phazr has failed to adequately allege the defendants' misappropriation of its trade secrets under the Federal Act. Therefore, it has failed to state a federal claim upon which relief may be granted. And so the Court grants in part the motion to dismiss, **DISMISSING WITH PREJUDICE** Phazr's claim under the Federal Act.

The Court declines to exercise supplemental jurisdiction over Phazr's remaining state-law claims, and so it **DISMISSES WITHOUT PREJUDICE** Phazr's state-law claims. Because the Court dismisses with prejudice Phazr's sole federal claim and declines to exercise supplemental jurisdiction over its state-law claims, the Court **DIRECTS** the Clerk to close this case.

By separate order, the Court will issue its final judgment.

**IT IS SO ORDERED** this 14th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

14